# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JANSE ELIOT COOKE,           )
                             )
            Petitioner,      )
                             )
    v.                       )        1:10CV156
                             )
ALVIN KELLER,                )
                             )
            Respondent.      )

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

**AULD, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On August 19, 2003, in the Superior Court of Hoke County, Petitioner pled guilty under North Carolina v. Alford, 400 U.S. 25 (1970), to two counts of solicitation to commit a felony (first-degree murder) in cases 02 CRS 50162 and -50163. (Id. at 1.)[1] The convictions were consolidated and Petitioner was sentenced to 168 to 211 months of imprisonment. (Id.)

Although Petitioner asserted in conclusory fashion that he appealed his conviction to the North Carolina Court of Appeals in case number COA06-761 (id. at 2), the record actually reflects that Petitioner "did not timely file a notice of appeal. On 20 May 2004

---

[1] Page citations refer to the page number in the CM/ECF footer for this document.

[he] filed a petition for writ of certiorari with [the North Carolina Court of Appeals] alleging that his sentencing worksheet had been erroneously calculated and that he had received ineffective assistance of counsel." State v. Cooke, No. COA06-761, 2007 N.C. App. LEXIS 563, at *1-2 (Mar. 20, 2007) (unpublished). That court upheld the trial court judgment. (Id. at *5.) Petitioner sought discretionary review from the North Carolina Supreme Court, which denied that request on August 23, 2007. (Id., Ex. 3.)

Petitioner next began two series of post-conviction motions in the state courts. In one set of motions, Petitioner attacked the convictions he challenges in his current Petition in this Court, beginning on February 12, 2008, when Petitioner submitted a motion for appropriate relief in Hoke County regarding those convictions. (Id., Ex. 4.) Then, on March 5, 2008 and April 6, 2008, he wrote letters to the Hoke County court asking that the motion be disregarded. (Id., Exs. 5, 6.) As a result, the motion for appropriate relief was placed in the case files, but not processed. (Id., Ex. 7.) Then, on October 10, 2008, Petitioner filed a second motion for appropriate relief in Hoke County. (Id., Ex. 8.) This motion for appropriate relief was denied on February 4, 2009. (Id., Ex. 9.) A subsequent request by Petitioner for reconsideration was denied on July 7, 2009. (Id., Ex. 10.) Petitioner did not file a petition for certiorari seeking to have

his second Hoke County motion for appropriate relief reviewed by the North Carolina Court of Appeals. (See Docket Entry 1 at 4.)

In June of 2008, in between the filings of his first and second motions for appropriate relief in Hoke County, Petitioner filed a motion for appropriate relief in Stokes County, North Carolina, challenging his convictions in 92 CR 7108 and 98 CR 1654, which were among the convictions used to calculate Petitioner's prior criminal record at his sentencing in the Hoke County cases. (Docket Entry 5, Ex. 11.) This motion was also denied. (Id., Ex. 12.) Petitioner next sought certiorari from the North Carolina Court of Appeals, which dismissed that petition on August 27, 2008. (Id., Exs. 13, 15.) Petitioner then filed a petition for a writ of certiorari in the Stokes County Superior Court seeking further review of his motion for appropriate relief, which that court denied. (Id., Exs. 16, 17.) Petitioner filed another petition for certiorari with the North Carolina Court of Appeals, but it was denied on February 19, 2009. (Id., Exs. 18, 20.) He then petitioned for certiorari from the North Carolina Supreme Court, which dismissed that petition on June 17, 2009. (Id. Exs. 21, 22.)

In addition to his efforts in the state courts, Petitioner also filed a previous habeas corpus petition in this Court, in which he sought relief as to the two Stokes County cases challenged in Petitioner's Stokes County motion for appropriate relief. Cooke v. Brandon, No. 1:09CV525, Docket Entry 1 (filed July 10, 2009).

A few days later, on July 23, 2009, a recommendation of summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases was entered because Petitioner was no longer "in custody" on the Stokes County convictions. Id., Docket Entry 3. Petitioner responded with objections which argued, at least in part, that he was "in custody" because the Stokes County convictions factored into the criminal history level for sentencing on the Hoke County convictions. Id., Docket Entry 5. The Court rejected those objections and dismissed the case in an Order and Judgment entered on February 16, 2010. Id., Docket Entries 6, 7. The Order stated that the dismissal "in no way affects [Petitioner's] right to file a challenge to his current conviction." Id., Docket Entry 6 at 1. Petitioner thereafter commenced the instant case challenging his Hoke County convictions. (Docket Entry 1.) Respondent has filed a Motion for Summary Judgment which now comes before the Court for a decision. (Docket Entry 4.)[2]

### **Petitioner's Claims**

Petitioner raises four potential claims for relief in his Petition:

1) ineffective assistance of counsel based on counsel's decision to stipulate to Petitioner's prior record level for sentencing purposes and counsel's alleged failure to "properly

---

[2] With the consent of the parties, this case was referred to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(c). (Docket Entry 11.)

-4-

investigate and challenge prior convictions obtained in violation of the right to counsel and due process of law" (Docket Entry 1 at 5);

2) the "[u]se of Prior Convictions obtained in violation of [Petitioner's] right to counsel and due process of law to enhance [his] sentence" (id. at 6);

3) defective indictments which listed the wrong statute of offense (id. at 8); and

4) the use of "an additional point in the calculation of [Petitioner's] prior record level" in violation of Blakely v. Washington, 542 U.S. 296 (2004) (id. at 10).

## Discussion

### Timeliness of the Petition

Respondent first argues that the Petition is time-barred under 28 U.S.C. § 2244(d). (Docket Entry 5 at 4-9.) Although Respondent's arguments concerning the timeliness of the Petition appear well-taken, they involve a number of complicated and somewhat unsettled issues. The other grounds set out in Respondent's summary judgment brief present no such difficulties. Moreover, the limitation period in § 2244(d) is not jurisdictional, so the Court need not consider it before proceeding to other arguments. Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002). Given all of these circumstances, the Court will not address the time bar issue

further, but instead will analyze Respondent's other summary judgment arguments.

### **Claim One**

Petitioner's first claim alleges ineffective assistance of counsel based on his attorney's stipulation to his prior record level at sentencing. (Docket Entry 1 at 5.) Petitioner claims that his attorney did not properly investigate his prior convictions and thereby failed to challenge the two Stokes County convictions. (Id.) Respondent asserts that this claim is unexhausted and procedurally barred. (Docket Entry 5 at 9-11.)

In order to exhaust his state court remedies, Petitioner must allow "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" by "'"fairly present[ing]" his claim in each appropriate state court . . ., thereby alerting that court to the federal nature of the claim.'" Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010) (citing and quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). He must also "raise his claim before every available state court, including those courts . . . whose review is discretionary." Id. at 713 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999)). Petitioner presented his ineffective assistance of counsel claim in his initial petition for certiorari to the North Carolina Court of Appeals. (Docket Entry 5, Ex. 1.) However, once that court granted certiorari only on a limited basis, Petitioner did not

pursue the claim further. (Id., Ex. 2.)  Petitioner later raised the claim in the first motion for appropriate relief filed in Hoke County.  (Id., Ex. 4.)  Petitioner voluntarily withdrew that motion for appropriate relief before the state court acted and never re-presented his ineffective assistance of counsel claim in state court.  (Id., Exs. 5-8, 10, 11, 15, 18, 21.)  Therefore, no state court has ever ruled on the claim despite the fact that Petitioner had clear opportunities to raise the claim.  Petitioner thus did not exhaust this claim in the state courts and this Court cannot grant relief on it.  See 28 U.S.C. § 2254(b).

Not only is Petitioner's claim unexhausted, it is also procedurally barred.  If Petitioner returned to the state courts to exhaust his claim, he would find his claim procedurally barred by N.C. Gen. Stat. § 15A-1419 because he could have pursued the claim in his previous motion for appropriate relief, but did not.  In fact, in denying Petitioner's second motion for appropriate relief in Hoke County, the trial court explicitly stated that the denial acted as a bar to all future motions.  (Id., Ex. 9.)  This circumstance means that the claim is also procedurally barred from consideration in this Court.  See O'Sullivan, 526 U.S. at 848. Petitioner has not made any argument in favor of excusing the procedural bar and none appears in the record.  The claim will be denied as unexhausted and procedurally barred.

### **Claim Two**

Petitioner's second claim for relief asserts that the state court impermissibly used two prior convictions obtained in violation of Petitioner's right to counsel to increase Petitioner's sentence. (Docket Entry 1 at 6-7.) Petitioner points to his convictions in 92 CR 7108 and 98 CR 1654 as the allegedly invalid convictions used to calculate his prior criminal history. (Id.) In his motion for appropriate relief contesting those convictions in Stokes County, Petitioner claimed that the conviction in 92 CR 7108 was invalid because he was 17 years old at the time, was charged with being a minor in possession of alcohol, appeared in court unaccompanied by a parent, guardian, or attorney, sought a continuance to allow time to hire an attorney, had the request denied, and represented himself without signing a written waiver of his right to counsel. (Docket Entry 5, Ex. 11 at 1-2.) Regarding 98 CR 1654, Petitioner alleged that he was charged with driving while impaired, appeared late for court, told the judge he had not "gotten up the money to pay an attorney," asked for more time, had that request denied, and represented himself without signing a waiver of counsel form. (Id.) The Stokes County Superior Court denied the motion for appropriate relief, as well as a later petition for certiorari which also addressed these convictions. (Id., Exs. 12, 17.) Petitioner exhausted his state court remedies by pursuing two petitions for certiorari with the North Carolina

Court of Appeals and one with the North Carolina Supreme Court. (Id., Exs. 13, 18, 21.)

Where, as here, a state court adjudicates a petitioner's claim on its merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review, which precludes habeas relief unless the decision was contrary to, or involved an unreasonable application of, clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" United States Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant [United States] Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of United States Supreme Court law "if the state court identifies the correct governing legal rule from [the United States Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. "Unreasonable" does not mean simply "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, rather than subjective, standpoint. Id. at 409-11.

Finally, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner raised his instant claim in his Stokes County motion for appropriate relief and the state court denied it as follows: "IT IS HEREBY ORDERED, that after review and careful consideration of Defendant's Motion, Brief and attachments, the Court hereby denies Defendant's Motion for Appropriate Relief." (Docket Entry 5, Ex. 12.) Moreover, in denying Petitioner's later petition for certiorari, the Stokes County Superior Court explained that it had considered the appropriate records and Petitioner's submissions and then held that, "[a]s to Petitioner's claim as to not being advised of his right to counsel and the denial of the same, the well established principle of presumption of regularity appears to be an insurmountable obstacle to Petitioner's claim." (Docket Entry 5, Ex. 17.) The Court therefore must determine whether the Stokes County decisions run afoul of the habeas review standards.

The United States Supreme Court has recognized that a state may apply a presumption of regularity regarding the validity of prior convictions used to increase a sentence. See Parke v. Raley, 506 U.S. 20, 28-34 (1992). In so doing, it observed that the presumption can apply in situations where no records or transcripts exist to show that a plea was properly entered, at least where the plea was entered following Boykin v. Alabama, 395 U.S. 238 (1969)

(requiring courts to affirmatively ascertain that defendant intelligently and voluntarily waived constitutional rights to silence, a jury trial, and to confront accusers, before accepting guilty plea).  See Parke, 506 U.S. at 30.

North Carolina has actually codified a presumption of regularity in N.C. Gen. Stat. § 15A-980(c), a fact of which the United States Supreme Court took note without any disapproval.  See Parke, 506 U.S. at 33 (describing a variety of state practices, including § 15A-980, and concluding that "the range of contemporary state practice certainly does not suggest that allocating some burden to the defendant is fundamentally unfair").  Section 15A-980 both creates and limits a defendant's ability to challenge a prior conviction in a current proceeding in North Carolina.  A defendant has "the right to suppress the use of a prior conviction that was obtained in violation of his right to counsel if its use by the State" will "[r]esult in a lengthened sentence of imprisonment."  N.C. Gen. Stat. § 15A-980(a).  However, a defendant who fails to file a pretrial motion to suppress evidence "waives [the] right to suppress use of a prior conviction."  N.C. Gen. Stat. § 15A-980(b). Further, in so moving, the defendant "has the burden of proving by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel. To prevail, he must prove that at the time of the conviction he was indigent, had no counsel,

and had not waived his right to counsel." N.C. Gen. Stat. § 15A-980(c).

Petitioner's motion for appropriate relief in Stokes County Superior Court cited to § 15A-980 and argued his motion using its criteria. (Docket Entry 5, Ex. 11 at 3, 6.) Based on subsection (b) of that statute, the state court properly could treat Petitioner as having waived his right to challenge the prior convictions because he failed to file a pretrial motion to suppress during his murder cases.

Even if the state court considered Petitioner's claim on the merits, he still cannot prevail. Petitioner submitted his motion, the state court considered his submission, and it then concluded that he could not overcome the presumption of regularity attached to his prior convictions. (Id., Ex. 17.) Due to the age of the prior convictions, almost no records existed by the time Petitioner submitted his motion for appropriate relief, but the ones that did exist showed that Petitioner waived his right to counsel. (Id., Ex. 11, Exs. A, B.) Also, Petitioner pled guilty to both of the prior charges well after Boykin. Further, in his affidavit supporting his motion for appropriate relief, Petitioner stated that he pled guilty in both cases, was not represented by an attorney, and did not "sign a waiver of counsel and waive my right to a court appointed attorney." (Id., Petitioner's Aff. ¶¶ 3, 6.) The affidavit is conclusory at best and does not deny explicitly that

-12-

Petitioner waived counsel orally (as opposed to in writing) during or prior to a plea colloquy.[3]

In addition, at least as to the conviction in 98 CR 1654, Petitioner failed to meet North Carolina's requirements for proving indigency at time of that conviction. North Carolina case law holds that "testimony by a defendant, standing alone, 'that he could not afford an attorney at the time of a prior conviction does not prove by a preponderance of the evidence that the defendant was indigent, as required under N.C.G.S. § 15A-980.'" State v. Jordan, 174 N.C. App. 479, 482, 621 S.E.2d 229, 231 (2005) (quoting State v. Rogers, 153 N.C. App. 203, 217, 569 S.E.2d 657, 666 (2002)). Here, Petitioner produced no evidence of indigency beyond his own statement. Therefore, the state court certainly had reason under state law evidentiary rules to reject Petitioner's claims as to 98

---

[3] Forcing a state to nullify a prior conviction in these circumstances would wreak havoc on the presumption of regularity and the finality of prior convictions. As the United States Supreme Court recognized, court systems do not maintain case files in perpetuity. Parke, 506 U.S. at 30. If a defendant in Petitioner's shoes could prevail on a claim such as his, then any defendant who had represented himself could simply wait until records had been destroyed, claim a denial of counsel in conclusory fashion, and have a prior conviction nullified at a future proceeding.

CR 1654.[4]  Petitioner points to no United States Supreme Court case law that would dictate a different result.[5]

The portion of Petitioner's claim addressing 92 CR 7108 suffers from a separate, fatal flaw. In that case, Petitioner received a misdemeanor conviction for possession of alcohol by a person under the age of 21. (Docket Entry 5, Ex. 11, Ex. A.) The state court imposed only a fine of $72.00 and a year of unsupervised probation as a sentence. (Id., Ex. 11, Pet. Aff. ¶ 2.) Although all defendants charged with felonies have a right to counsel under the Sixth Amendment of the United States Constitution, "in misdemeanor and petty offense prosecutions, [that] right to counsel is triggered only if the defendant is actually sentenced to a term of imprisonment." United States v. Pollard, 389 F.3d 101, 103 (4th Cir. 2004) (citing Argersinger v. Hamlin, 407 U.S. 25, 37 (1972), and Scott v. Illinois, 440 U.S. 367, 373-74 (1979)). Accordingly, Petitioner had no right to counsel under the Sixth Amendment. Therefore, the state court's

---

[4] As to 92 CR 7108, Petitioner raised a statutory argument that, because of his then age, North Carolina would have automatically treated him as indigent at the time of his conviction under N.C. Gen. Stat. § 7B-2000(b) (formerly N.C. Gen. Stat. § 7A-584) (stating that all "juveniles" are "conclusively presumed to be indigent").

[5] In fact, the United States Court of Appeals for the Fourth Circuit has itself rejected the use of only vague and self-serving statements by a defendant to challenge prior convictions at sentencing. See United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992).

rejection of his claim as to this conviction was not contrary to, or an unreasonable application of, any established United States Supreme Court precedent.

Overall, Petitioner did not overcome North Carolina's presumption of regularity generally, did not make a sufficient showing of indigency as to his conviction in 98 CR 1654, and did not show that he had a federal right to counsel in case 92 CR 7108. The state courts' decisions to deny Petitioner's claims thus were neither contrary to, nor an unreasonable application of, established Supreme Court precedent. Petitioner's second claim for relief will be denied.

### **Claim Three**

Petitioner's third claim for relief asserts that his indictment lists the wrong statute of offense. (Docket Entry 1 at 8.) This claim fails on its face. A pleading defect in an indictment does not constitute a jurisdictional defect. See United States v. Cotton, 535 U.S. 625, 630-31 (2002). Further, a guilty plea waives non-jurisdictional defects. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner plainly waived any defect in the indictment by pleading guilty. Petitioner actually agrees that this claim lacks merit and abandons it in his response brief. (Docket Entry 9 at 3.) Therefore, this claim is denied.

## Claim Four

Petitioner's final claim for relief alleges that the state erroneously added a point to his prior criminal history at sentencing because he was incarcerated at the time he committed the instant offense. (Docket Entry 1 at 10.) Petitioner contends that, because this point neither arose due to a prior conviction nor was found applicable by a jury beyond a reasonable doubt, its use at sentencing violated the Sixth Amendment as construed in Blakely. (Id.) Petitioner pursued this claim in the North Carolina Court of Appeals after it granted certiorari. Cooke, 2007 N.C. App. LEXIS 563, at *2-5. The North Carolina Court of Appeals noted that Blakely did not apply retroactively to cases that became final prior to said decision. See id. at *4. The court deemed Petitioner's conviction in question final before the decision in Blakely because he failed to file a timely notice of appeal and because the limited grant of certiorari did not affect the finality date. See id. at *4-5. It therefore denied any relief. See id. at *5.

Other courts similarly have concluded that Blakely does not apply retroactively to cases in which the direct appeal had already ended and the judgment had become final. See, e.g., Portalatin v. Graham, 624 F.3d 69, 81 n.6 (2d Cir. 2010), cert. denied, 131 S. Ct. 1693 (2011); Burton v. Fabian, 612 F.3d 1003, 1010 n.4 (8th Cir. 2010) (citing United States v. Stoltz, 149 Fed. Appx. 567,

568-69 (8th Cir. 2005)), cert. denied, 131 S. Ct. 1491 (2011); Scott v. Schriro, 567 F.3d 573 (9th Cir. 2009) (citing Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005)), cert. denied sub nom. Ryan v. Scott, 130 S. Ct. 1014 (2009). Petitioner points to nothing to show that the North Carolina Court of Appeals' decision was contrary to, or an unreasonable application of, United States Supreme Court precedent. (See Docket Entry 1 at 10.)

Further, even if the Court concluded that Blakely did apply to Petitioner's case, that would still not help him. First, Blakely was built upon the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000), which states that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely, 542 U.S. at 301 (quoting Apprendi, 530 U.S. at 490). A defendant can waive such Apprendi rights by admitting to the facts in question. Id. at 310. "Admissions may take a variety of forms, including guilty pleas and stipulations, a defendant's own statements in open court, and representations by counsel." United States v. Revels, 455 F.3d 448, 450 (4th Cir. 2006) (citations omitted).

In this case, the prosecuting attorney, in setting out the factual basis for Petitioner's guilty plea, explained that Petitioner was incarcerated at the time of his crimes and explained those crimes at length. (Docket Entry 5, Ex. 1, Sent'g Tr. at 7-

-17-

15.) Petitioner solicited another inmate to kill Petitioner's father and former girlfriend, partly because Petitioner blamed his father for Petitioner's incarceration. (Id. at 7.) Petitioner's attorney contested part of the facts, but not the fact that Petitioner was incarcerated when the crimes occurred; instead, Petitioner's counsel acknowledged the fact of Petitioner's incarceration. (Id. at 15-20.) Further, Petitioner agreed through counsel to his prior record level, including the point about which he now complains. (Id. at 22.) Then, at sentencing, Petitioner not only admitted that he was in prison at the time of his crime as he attempted to explain the circumstances of his crime to the sentencing judge, but also partially attributed his commission of the crimes to anger during the early days of his incarceration. (Id. at 22-23.) In several ways, Petitioner thus admitted to the facts used to support the now-contested point at sentencing and agreed through counsel to the assessment of the point itself.

For all of these reasons, Petitioner's fourth claim for relief is denied.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 4) is **GRANTED**, that the Habeas Petition (Docket Entry 1) is **DENIED,** and that this action be, and the same hereby is, **DISMISSED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 2, 2012